FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 4 - 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARKO BYVALETS and LUIZA
YEVTUSHENKO,

                Plaintiffs,

    -against-

STATE OF NEW YORK,

                Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

14-cv-2764 (ENV) (LB)

VITALIANO, D.J.,

On May 2, 2014, *pro se* plaintiffs Marko Byvalets and his mother, Luiza Yevtushenko, paid the filing fee to initiate this action against the State of New York, claiming that their constitutional rights were violated by a series of decisions issued by Supreme Court, Kings County over the period October 2012 through March 2014. At the heart of the challenged state court proceedings are Byvalets's divorce and domestic disputes with his wife, Lidiia Byvalets. Orders of protection were entered at various points against Byvalets, ordering him to stay away from his wife; against his wife, ordering her to stay away from her husband and Yevtushenko; and against Yevtushenko, who lived with the couple, ordering her to stay away from her daughter-in-law. The various resulting criminal and domestic relations actions were consolidated before Justice Patricia E. Henry, who, among other alleged shortcomings, reportedly closed the cases against Lidiia Byvalets without Yevtushenko's consent. Pursuant to the *Rooker-Feldman* doctrine, plaintiffs' complaint, which amounts to a collateral attack on the assorted orders of Justice

1

Henry, must be dismissed.

## Standard of Review

When a plaintiff proceeds without legal representation, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). However, even if a plaintiff has paid a filing fee, and is not proceeding *in forma pauperis*, a district court may still dismiss the case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" as a matter of law when, for instance, it "lacks an arguable basis in law . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998) (internal citations omitted).

## Discussion

The *Rooker-Feldman* doctrine, which prevents federal district courts from reviewing valid and final state court decisions, clearly forecloses the Court's subject matter jurisdiction over this case. *See generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Even where, as here, plaintiffs allege that a state court's actions deprived them of constitutional rights, a collateral federal attack on the state court's decision is inappropriate. *See Holland v. New York*, 63 F. App'x 532, 533–34 (2d Cir.

2003) (federal court lacked subject matter jurisdiction under *Rooker-Feldman* as plaintiff's complaint effectively sought review of state matrimonial action). The appropriate avenue for litigating these issues runs, instead, through the state appellate courts, and plaintiffs' complaint makes clear that they had the opportunity to raise their myriad claims in the appropriate fora, and either lost or forfeited those claims. *See* (Compl., Exh. F (describing Yevtushenko's state court appellate proceedings)); *see also Sharp v. Bivona*, 304 F. Supp. 2d 357, 363 (E.D.N.Y. 2004) ("[A] plaintiff cannot circumvent *Rooker-Feldman* by recasting her claim as a federal civil rights violation . . . [where there] is no doubt that the plaintiff's claims for constitutional and civil rights violations and fraud arise from her matrimonial proceedings and could have been raised in state court . . . even if the orders by the state court were wrongfully procured, as the plaintiff alleges"). For want of subject matter jurisdiction over plaintiffs' claims, this action must be dismissed with prejudice.[1]

---

[1] It bears noting that even if jurisdiction over this case were not foreclosed by *Rooker-Feldman*, plaintiffs' claims against the State of New York would also be barred by the Eleventh Amendment. The Eleventh Amendment bars suits in a federal court by private parties against the state or one of its agencies, absent consent to such a suit or an express statutory waiver of sovereign immunity. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 362 (2001); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). New York has not consented to suit in federal court, and no statutory waiver applies here, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977), and, thus, plaintiffs' claims are barred by the Eleventh Amendment. Similarly, to the extent plaintiffs seek to raise claims against the state court judge who presided over their cases, she is absolutely immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Bliven v. Hunt*, 579 F.3d 204 (2d Cir. 2009).

## Conclusion

In light of the foregoing, plaintiffs' complaint is dismissed with prejudice. Although plaintiffs paid a filing fee to commence this action, the Court nonetheless certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter Judgment accordingly and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
May 29, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge